UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   NOT FOR PUBLICATION

CLEVELAND WARE,

                                Plaintiff,

      -against-

P.O. JOHN DOE, P.O. JOHN DOE, New York City
Police Department, 83rd Precinct,

                              Defendants.
----------------------------------------------------------------x

MEMORANDUM
AND ORDER
10-CV-2771 (CBA) (LB)

AMON, United States District Judge:

On June 14, 2010, plaintiff Cleveland Ware, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, commenced this *pro se* action against defendants alleging violations under 42 U.S.C. § 1983. Specifically, plaintiff alleges that on May 14, 2010, he was falsely arrested for robbery in the second degree by two police officers from the 83rd Precinct.

The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint as to the New York City Police Department, 83rd Precinct, as set forth below. The complaint shall proceed as to the remaining unidentified defendants.

## Standard of Review

As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Purusant to 28 U.S.C. § 1915A, the Court is required review any civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

A.  New York City Police Department

Pursaunt to the New York City Charter, Ch. 17, § 396, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." Accordingly, the complaint is dismissed as to the New York City Police Department, 83rd Precinct, because as an agency of the City of New York, it is not a suable legal entity. Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000); see, e.g., Bailey v. New York City Police Dep't, 910 F.Supp.116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396.

B.  Identifying John Doe Defendants

Plaintiff alleges that "on May 14, 2010, [h]e was falsely arrested on 649 Evergreen Avenue by 2 officers working from the 83rd Precinct located in the Bushwick section of Bklyn." Compl. at ¶ II (D). This claim is well within the relevant statute of limitations and thus shall proceed against Police Officer John Doe #1 and Police Officer John Doe #2. See Wallace v. Kato, 549 U.S. 384 (2007) (false arrest claim accrues at the time of arrest and plaintiff must bring a § 1983 action within the relevant statute of limitations period). Therefore, the Court requests that Corporation Counsel ascertain the full name and service address of these two John Doe Police Officers. See Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam) (district court is obligated to assist *pro se* defendant in identifying defendants). Corporation Counsel is hereby requested to produce the information specified above within 45 days from the date of this Memorandum and Order. Corporation Counsel need not undertake to defend or indemnify this individual at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin. Once this information is provided, plaintiff's

complaint shall be deemed amended to reflect the full name of these two defendants, a summons shall be issued and the Court shall direct service on the defendants.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against the New York City Police Department, 83rd Precinct, for failure to state a claim pursuant to 28 U.S.C. § 1915A. No summons shall issue as to this defendant.

A copy of this order and a copy of the complaint and *in forma pauperis* application shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis status* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 26, 2010

/S/
CAROL BAGLEY AMON
United States District Judge